Appellant Bruce D. Guilmain appeals from an order of the Greene County Common Pleas Court, Domestic Relations Division, purportedly clarifying appellee Billie Carrol Guilmain's interest in his military pension.
Mr. Guilmain advances two assignments of error. First, he contends the trial court erred by modifying, rather than clarifying, the division of his military pension recited in the parties' 1991 final judgment and divorce decree. Next, he claims the trial court erred by making the modification in an "ex parte order" without affording him an opportunity to be heard.
The record reflects that Mr. Guilmain began his military career in 1972. He married the appellee in 1975. The parties subsequently divorced in 1991. As part of their division of marital property, the parties agreed upon the appellee's share of Mr. Guilmain's pension. That agreement, incorporated into the Feb. 25, 1991, final judgment and decree of divorce, provided that the appellee would receive 39.17 percent of Mr. Guilmain's retirement pay "by virtue of his military service as of the date of this decree." Following the divorce, Mr. Guilmain continued his military career until his retirement in 1996. Thereafter, the Defense Finance and Accounting Service informed the parties that it needed a court order clarifying the appellee's interest in Mr. Guilmain's retirement pay before it could pay her the funds. The trial court held a hearing to clarify the issue on July 16, 1997.
Near the hearing's end, the parties appeared to reach an agreement regarding the appellee's interest in Mr. Guilmain's retirement pay. Appellee's counsel read the somewhat-vague agreement into the record as follows: "The plaintiff's counsel will prepare the usual and customary pension order. * * * Included in the order for processing by the Air Force for the plaintiff's portion of the pension, which will be the numerator, will be the months of the marriage, date of the marriage, over the 20 years. Whatever the normal language is, it's on the computer. I don't memorize it. And the Air Force will be ordered to direct the money to the plaintiff and the balance of the money to Colonel Guilmain. That should resolve the pension issue." The parties subsequently disputed the proper calculation of the appellee's interest in Mr. Guilmain's pension, however, and no agreed-upon clarifying order appears in the record.
Instead, the parties allege that they met with the trial court on August 27, 1997, and unsuccessfully attempted to resolve the issue. Later that day, the trial court issued an order to resolve the pension issue and several other issues not relevant to the present appeal. With respect to Mr. Guilmain's retirement, the order stated: "DFAS HAS REQUESTED A CLARIFICATION ORDER, AND THISENTRY IS THAT CLARIFICATION ORDER. IT IS HEREBY ORDERED AS FOLLOWS: Plaintiff is awarded 39.17% of Defendant's disposableretainer/retired pay." Mr. Guilmain subsequently filed a timely notice of appeal challenging the trial court's clarification order. He advances the following two assignments of error:
 I. "The trial court erred by its order of 27 August 1997 [and] committed prejudicial error when, by that order, it modified the division of appellant's military retirement, previously ordered by that same court in February 1991."
In his first assignment of error, Mr. Guilmain contends the trial court erred by modifying, rather than clarifying, the appellee's interest in his retirement pay. Furthermore, he notes that modification cannot be proper because the trial court never reserved jurisdiction to modify the appellee's interest. In response, the appellee argues that the trial court's August 27, 1997, order simply clarified the parties' 1991 divorce decree as the DFAS requested. The appellee argues that both the agreed-upon language in the divorce decree and the trial court's subsequent clarification order awarded her 39.17 percent of Mr. Guilmain's retirement pay. Consequently, she insists no modification occurred.
After reviewing the record, we find Mr. Guilmain's assignment of error persuasive. The parties' 1991 divorce decree awarded the appellee 39.17 percent of Mr. Guilmain's retirement pay received "by virtue of his military service as of the date of this decree." In our view, this language somewhat unartfully grants the appellee a 39.17 percent interest in the part of Mr. Guilmain's pension earned from 1972 to 1991.[1] The DFAS, however, apparently needed to know a specific percentage of Mr. Guilmain's current retirement pay to forward to the appellee. Consequently, it sought clarification of the divorce decree.
In its ruling, however, the trial court granted the appellee 39.17 percent of Mr. Guilmain's entire military pension, including the portion he earned following the divorce. The trial court apparently ignored the part of the divorce decree limiting the appellee's interest to 39.17 percent of Mr. Guilmain's retirement pay received "by virtue of his military service as of the date of this decree." Rather than finding the appellee entitled to 39.17 percent of the part of Mr. Guilmain's pension earned from 1972 to 1991(and then converting that award into a percentage of his current retirement pay), the trial court found the appellee entitled to 39.17 percent of the whole pension.
In our view, the trial court's ruling did not simply "clarify" the divorce decree. Instead, it impermissibly modified the agreed-upon decree language. Contrary to the appellee's argument, the divorce decree and the August 27, 1997, clarification order do not say the same thing. As we noted above, Mr. Guilmain worked roughly 24 years. The divorce decree grants the appellee a 39.17 percent interest in roughly nineteen years' worth of Mr. Guilmain's pension (1972 to 1991). The trial court's order, however, grants the appellee a 39.17 percent interest in the entire pension. Consequently, we agree that the trial court improperly modified the appellee's interest rather than clarifying it. We note too that Mr. Guilmain's brief includes as exhibits letters from the DFAS purportedly concerning proper calculation of the appellee's marital interest in the retirement benefits. We find no evidence in the record indicating that the letters were presented to the trial court prior to its ruling. Consequently, we may not consider them on appeal. In any event, Mr. Guilmain remains free to submit the letters to the trial court for review upon remand if he wishes.
Having found that the trial court improperly modified the appellee's interest in Mr. Guilmain's retirement pay, we must remand this cause for proper clarification of the parties' 1991 divorce decree. Accordingly, we sustain Mr. Guilmain's first assignment of error.
 II. "The trial court by its ex parte order of August 27, 1997, violated Cannon A(4) of the Code of Judicial Conduct by denying both counsel for appellant and appellant full right to be heard in its consideration, order, and decision related to said order, resulting in prejudicial error to appellant."
In his second assignment of error, Mr. Guilmain contends the trial court's August 27, 1997, clarification order constitutes an improper ex parte order. Having found the trial court's order erroneous for the reasons explained under Mr. Guilmain's first assignment of error, however, we deem this assignment of error moot. Consequently, pursuant to App.R. 12(A)(1)(c), we decline to address it.
Finally, having sustained Mr. Guilmain's first assignment of error, we hereby reverse that portion of the trial court's August 27, 1997, judgment addressing the appellee's interest in Mr. Guilmain's pension, and we remand this cause for proper clarification of the pension issue as requested by the DFAS.
Judgment reversed in part and remanded.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Keith R. Kearney
S. Richard Richman
Hon. Judson L. Shattuck, Jr.
[1] We note that this agreed-upon calculation is somewhat different than a typical equal division. Ordinarily, an equal division would entitle the appellee to fifty percent of the marital-property portion of Mr. Guilmain's pension. "The value of this asset would be determined by computing the ratio of the number of years of employment of the employed spouse during the marriage to the total years of his or her employment." Hoyt v.Hoyt (1990), 53 Ohio St.3d 177, 182. Rounded off to whole years, Mr. Guilmain worked in the Air Force from 1972 until 1996, or roughly twenty-four years. The parties were married from 1975 until 1991, or roughly sixteen years. Consequently, pursuant to Hoyt, supra, roughly sixty-six percent of Mr. Guilmain's pension ordinarily would be marital property, presumably subject to equal division, leaving the appellee with roughly a thirty-three percent interest in the current pension. In the present case, however, the parties agreed upon a different calculation and included it in the divorce decree. As a result, we find Hoyt's analysis inapplicable.